IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Corbel Distressed and Special Opportunities Fund LP and Corbel Distressed and Special Opportunities Fund (SPV Skalar), L.P., <br><br> Plaintiffs, <br><br> v. <br><br> Fernando Benveniste Londoño, Bioapi S.A.S., and Skalar Pharma Holding LLC, <br><br> Defendants. | **Civil No. 23-1041 (GMM)** |

### OPINION AND ORDER

Before the Court is co-defendant Bioapi S.A.S.'s ("Bioapi") *Motion to dismiss for Insufficiency of Service of Summons as to Bioapi S.A.S.* (Docket No. 32). For the following reasons the Court **DENIES** co-defendant's motion but alternatively, consents to quash Plaintiffs' service of process.

### I.  RELEVANT BACKGROUND

Bioapi is a Colombian corporation that has been authorized to conduct business in Puerto Rico since September 20, 2016. (Docket No. 1 at 4). Fernando Londoño Benveniste ("Londoño") is Bioapi's sole shareholder. (Id.).

On November 16, 2021, Plaintiffs, Corbel Distressed and Special Opportunities Fund, L.P. and Corbel Distressed and Special Opportunities Fund (SPV Skalar), L.P. and Defendants, Londoño,

`Civil No. 23-1041(GMM)`
`Page -2-`

Bioapi, and Skalar Pharma Holding LLC ("Skalar Holding"), executed the Skalar Pharma Holding LLC, Limited Liability Company Agreement ("Agreement"). The Agreement contains a provision stating:

> Consent to Jurisdiction. Any legal suit, action or proceeding arising out of or based upon this agreement, the ancillary documents or the transactions contemplated hereby or thereby shall be instituted in the courts of the commonwealth of Puerto Rico or the United States district court for Puerto Rico, as applicable, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding. <u>Service of process, summons, notice or other document by mail to such party's address set forth herein shall be effective service of process for any suit, action or other proceeding brought in any such court</u>. The parties irrevocably and unconditionally waive any objection to the laying of venue of any suit, action or any proceeding in such courts and irrevocably waive and agree not to plead or claim in any such court that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

(Docket No. 1-1, § 12.15 at 73) (emphasis supplied). Bioapi signed this agreement. (<u>Id.</u> at 79). Schedule A of the Agreement listed Bioapi's address as P.O. Box 3019, Guaynabo, PR 00970; Attn: Fernando Londoño Benveniste; Email: fernando.londono@skalarpharma.com. (<u>Id.</u> at 80).

On January 26, 2023, Plaintiffs brought the instant action against Fernando Benveniste Londoño, Bioapi, S.A.S., and Skalar for various claims for violations under common law, federal securities law, and the laws of Puerto Rico. (Docket No. 1).

On January 31, 2023, Plaintiffs served Bioapi via a letter mailed through the U.S. Postal Service addressed to: Bioapi S.A.S.,

P.O. Box 3019, Guaynabo, PR 00970, Attn: Fernando Londoño Benveniste, the address set forth in the Agreement. (Docket Nos. 32 at 3; 45 at 10).

## II.   LEGAL STANDARD

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for plaintiff's insufficient service of process. Fed. R. Civ. P. 12(b)(5); see also, Fernández v. BRG, LLC, Civil No. 16-2104 (JAG), 2017 WL 7362729 (D.P.R. July 28, 2017); Calderón Serra v. Banco Santander P.R., 747 F.3d 1, 8 (1st Cir. 2014). "A party filing a motion under Rule 12(b)(5) 'is essentially contesting the manner in which process of service was performed.'" Rivera Otero v. Amgen Mfg. Ltd., 317 F.R.D. 326, 328 (D.P.R. 2016) (quoting Ramírez De Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 85 (D.P.R.2006)). The moving party bears "the absolute burden of specifically establishing to the Court how plaintiff failed to satisfy the requirements of the service provision utilized." Hernandez-Reyes v. Bio-Med. Applications of Puerto Rico, Inc., Civil No. 22-1049-(DRD), 2023 WL 2652624, at *2 (D.P.R. Mar. 27, 2023). But once the sufficiency of service has been validly challenged, the plaintiff bears the burden of proving proper service. See Rivera-López v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992). In responding to a 12(b)(5) motion, a court

**Civil No. 23-1041(GMM)**
**Page -4-**

may either dismiss the action or quash plaintiff's deficient service on the defendant. *See* Hernandez-Reyes v. Bio-Medical Applications of Puerto Rico, Inc., No. Civil No. 22-1049-(DRD), 2023 WL 2652624, at *2 (D.P.R. 2023, March 27, 2023); Ramirez De Arellano, 236 F.R.D. at 85.

Federal Rule of Civil Procedure Rule 4(h) governs proper service of process on corporations. Rule 4 (h) states that unless otherwise provided by federal law or defendant's waiver:

> a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

Rule 4(e)(1) states that service is proper when done "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

### III. ANALYSIS AND CONCLUSION

Bioapi claims that the service of summons and complaint to it via mail to the address listed in the Agreement fails to satisfy federal or Puerto Rico rules of service and is thus improper. (Docket No. 32 at 3). Plaintiffs reject Bioapi's argument stating that Bioapi expressly agreed to service by mail in the parties' contract and that the Federal Rules of Civil Procedure and courts generally accept and enforce contractual provisions specifying acceptable means of service. (Docket No. 45 at 4).

Both Plaintiffs and Defendants acknowledge that it is well settled that "parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether." Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 316 (1964); (see Docket Nos. 45 at 11, 54 at 3). Moreover, Bioapi does not contest that at the time the Agreement was signed that it agreed to service at the listed mailing address therein. (Docket No. 54 at 5). However, Bioapi contends that even if it previously agreed to service by mail at the listed address, Plaintiffs' service was nevertheless insufficient. (Id. at 2).

Critically, Bioapi argues that at the time of service, "Plaintiffs knew that Bioapi had lost all communication with Skalar Pharma, LLC, which controlled the post office box since at least August 2022, when Corbel took over operational control of Skalar

```
Civil No. 23-1041(GMM)
Page -6-
```

Pharma, LLC, which controls the mailing address at issue." (Docket No. 54 at 2, 4). Bioapi thus argues that Plaintiff purposefully used a means of service that they knew would deprive Bioapi of actual knowledge of the complaint and summons. (Id.). Considering this, Bioapi entreats the Court to apply a reasonableness test to determine whether service was sufficient.

The Court is unable to readily evaluate Plaintiffs' intent and knowledge regarding Bioapi's access to the post office box listed in the Agreement, thus making it challenging to discern whether Plaintiffs' service was reasonable. Since Plaintiffs did comply with the method of service laid out in the agreement, the Court declines to dismiss the complaint for insufficient service of process. But, in accordance with Rule 12(b)(5) and in light of the importance of notice to parties, this Court will entertain Bioapi's argument and quash Plaintiffs' service of process.

For the foregoing reasons, the Court **DENIES** Bioapi's *Motion to dismiss for Insufficiency of Service of Summons as to Bioapi S.A.S.* (Docket No. 32) but nevertheless, quashes service of process. Plaintiffs may re-serve co-defendant Bioapi within **five (5) days** of entry of this Order.

IT IS SO ORDERED.

In San Juan, Puerto Rico, October 2, 2023.

s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE
